UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Dawn M. Jones, | ) C/A No. 8:10-2042-RBH-BHH |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
|  | ) Report and Recommendation |
| Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

This matter is before the Court because of Plaintiff's failure to comply with the undersigned's Order of August 9, 2010 (Entry 8), and because of Plaintiff's failure to prosecute the case in a timely manner. This case was filed by Plaintiff, *pro se*, on August 5. 2010. Following initial review of the Complaint, Plaintiff was ordered to submit corrected service documents and to answer special interrogatories primarily addressed to the issue of whether or not Plaintiff had exhausted all of her administrative remedies prior to filing this case. (*Id.*). Plaintiff was specifically informed that any failure to respond to the Order could result in a recommendation of dismissal of the case. When Plaintiff had not responded by the original response deadline set by the Order, the Clerk's office sent another copy of the Order and all attachments to Plaintiff's mailing address. The mail in which this Court's Order and the copy of it was sent to Plaintiff was not returned to the Court, thus is may be presumed that Plaintiff received both copies of the Order and the attached proper-form documents, but decided against responding.

Applying the four-factor test of *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) to the circumstances of this case, it is clear that the failure of Plaintiff to respond to the Court's most recent Order in this case despite having been given two clear opportunities to do so indicates an intent on Plaintiff's part not to prosecute this case.

## Recommendation

Accordingly, it is recommended that this case be dismissed *without prejudice* due to Plaintiff's failure to comply with this Court's Order and failure to prosecute the case. *See* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a plaintiff fails to comply with "any order of the court." ); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*).

Plaintiff's attention is directed to the important notice on the following page.

s/Bruce Howe Hendricks
United States Magistrate Judge

September 27, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Rm. 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).